**Stephen Crew, OSB No. 781715**
steve@crewjanci.com
**Peter Janci, OSB No. 074249**
peter@crewjanci.com
**William Stewart, OSB No. 124670**
will@crewjanci.com
**CREW JANCI LLP**
1200 NW Naito Pkwy, Ste 500
Portland, Oregon 97209
Telephone: (503) 306-0224

**Daniel A. Hill, OSB No. 963072**
339 Washington St SE
Salem, OR 97302
Tel: 503-399-2667
daniel.hill@adamshillhess.com

*Of Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| JAMES DOE, a minor individual proceeding under a pseudonym, by and through his mother JENNIFER DOE, an individual proceeding under a pseudonym for the protection of her child's identity,<br><br>          Plaintiff,<br><br>     v.<br><br>CASCADE SCHOOL DISTRICT, an Oregon Public School District, authorized and chartered by the laws of the State of Oregon; CASCADE SCHOOL DISTRICT BOARD, an Oregon corporate body authorized and chartered by the laws of the State of Oregon; DARIN DRILL, individually and in his official capacity as Superintendent of the Cascade School District; and LEANNE DEFFENBAUGH, individually and in her official capacity as principal of Aumsville Elementary School,<br><br>          Defendants. | CASE NO: _____<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

## COMPLAINT

COMES NOW the Plaintiff, James Doe, by and through Jennifer Doe, his mother and guardian, and his attorneys, and hereby states as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction lies under 28 U.S.C. §1331 inasmuch as this complaint presents a federal question.

2.      Jurisdiction over the state claims arises under 28 U.S.C. §1367(a).

3.      Venue in the Federal District Court of Oregon, Portland Division is appropriate pursuant to 28 U.S.C. §1391 because the occurrences complained of took place in Marion County, Oregon.

## PARTIES

4.      Plaintiff James Doe (hereinafter "Doe" or "Plaintiff") was born in January of 2003, and at all times material herein lived in Marion County, Oregon, and attended Aumsville Elementary School in the Cascade School District.

5.      Doe is proceeding under a pseudonym because he is the victim of childhood sexual abuse and publicity of his true identity will cause further unwarranted trauma.  Plaintiff's true identity is known to Defendants.

6.      At all times material herein, Aumsville Elementary School (hereinafter, the "School") was located in Aumsville, Oregon, as part of Defendant Cascade School District (hereinafter, the "District").  The District is a corporate body authorized and chartered by the laws of the State of Oregon.

7.      At all times material herein, Defendant Cascade School District Board (hereinafter, the "Board") was authorized by the laws of the State of Oregon to transact all business within the jurisdiction of the District.  This includes establishing all policies, procedures and rules of the District, including those related to sexual abuse prevention, detection and investigation.

8.      At all times material herein, Defendant Drill (hereinafter, "Drill") was the Superintendent of the District.  Upon information and belief, in his capacity as Superintendent, Drill had the authority and duty to implement District-wide all policies, procedures and rules adopted by the Board.  This included implementation of any policies, procedures or training related to sexual abuse prevention, detection, investigation, and reporting.

9.      At all times material herein, Defendant Leanne Deffenbaugh (hereinafter, "Deffenbaugh") served as the Principal of the School. Upon information and belief, in her capacity as Principal, Deffenbaugh had the authority and duty to implement school-wide all policies, procedures and rules adopted by Drill and the Board.  This included implementation of any policies, procedures or training related to sexual abuse prevention, detection, reporting and investigation.

## FACTUAL ALLEGATIONS

10.      Upon information and belief, during or prior to 2013, the District selected, accepted, or hired John Lulay (hereinafter, "Lulay"), an adult male, to work as a tutor.  As a tutor, the District empowered Lulay to perform all duties of a staff member, including supervision, discipline and developing relationships with students.  Lulay's role was to educate, mentor, befriend, and counsel the District's minor students, including Plaintiff, in various educational, social, and life skills.

11.     The District authorized and empowered Lulay to perform all the duties of a school tutor and employee, including providing education, counseling, friendship, physical supervision, discipline, and rule enforcement for students, including Plaintiff. The District knew that Lulay would be in a position of trust, confidence, and authority over the students at the School, including Plaintiff. The District retained the right to control the means and methods used by school tutors and employees, including Lulay.

12.     In addition, or in the alternative, to the District's hiring of Lulay to work as a tutor, the District caused Plaintiff to believe that the District consented to having Lulay act on its behalf, and Plaintiff reasonably relied upon his belief that the District consented to having Lulay act on its behalf, in all of Plaintiff's interactions with Lulay. Lulay's service to the District described in Paragraphs 10 through 12 made him an agent and/or apparent agent of the District (hereinafter, "Agent" and/or "Agency").

13.     Upon information and belief, at some point during or prior to March of 2013, Defendants became aware, or reasonably should have become aware, that Lulay had been investigated for sexual abuse of one or more minors. Lulay was criminally charged in 2008 with Sexual Abuse in the First Degree.

14.     Lulay met Plaintiff while serving the District as a tutor, and served as Plaintiff's tutor.

15.     According to Cascade School District's "Tutoring Agreement," which was given to and signed by Plaintiff's legal guardian, "An adult other than the tutor will be required to be present for the entire tutoring session. If an adult is not available, the tutoring session will be canceled."

16.     Despite the policy barring one-on-one tutoring sessions stated in the District's "Tutoring Agreement," there were no other adults present in the classroom in which tutoring occurred during tutoring sessions of Plaintiff by Lulay.

17.     The "Tutoring Agreement" further states, "The student will cooperate and follow directions of the tutor at all times during the sessions."

18.     While working for the District as a tutor, and for the purpose of exercising and furthering his assigned duties as a tutor, Lulay befriended Plaintiff and gained Plaintiff's trust and confidence as an authority figure, instructor, guide, counselor, and mentor to Plaintiff; gained the permission, acquiescence and support of Plaintiff to spend substantial periods of time with Plaintiff; and sought and gained support and instruction of the District and its administration that Plaintiff was to have respect for Lulay's authority and to comply with his instructions and requests.

19.     While performing his duties as a tutor for the District, and for purposes of furthering his duties as a tutor, Lulay also sought and gained the friendship, trust, respect, and obedience of Plaintiff.  Additionally, the District's "Tutoring Agreement" required that "The student will cooperate and follow directions of the tutor at all times during the sessions." As a result, Plaintiff was conditioned to trust Lulay, to comply with Lulay's direction, and to respect Lulay as a person of authority in educational, moral, and ethical matters.  The conduct described in paragraphs 18 and 19 is hereinafter collectively referred to as "Grooming."

20.     In or around March of 2013, near the end of Plaintiff's fourth grade year, Lulay, who was approximately sixty-four (64) years old at the time, began Grooming Plaintiff, who was ten (10) years old at the time.  This included Lulay making inappropriate comments regarding Lulay's grandson masturbating, touching Plaintiff's person to violate Plaintiff's appropriate

**Page | 5   COMPLAINT**

boundaries, exposing his penis to Plaintiff, and masturbating his exposed penis in front of Plaintiff. This Grooming occurred in the room in which Plaintiff's tutoring sessions were held.

21.     In or around March of 2013, using his authority and position of trust as a tutor for the District, Lulay induced Plaintiff to engage in various sexual acts with him. Lulay's Grooming and/or Lulay's authorized activities as a tutor and employee led to and resulted in the sexual abuse of Plaintiff, to be discussed further at trial. Lulay's sexual abuse of Plaintiff occurred on grounds belonging to Cascade School District, in the Child Development Center adjacent to Aumsville Elementary School, in the room in which Plaintiff's tutoring sessions were held. Lulay's Grooming and/or his actions as a tutor and employee toward Plaintiff were (1) committed in direct connection with and for the purposes of fulfilling his Agency with the District; (2) committed within the time and space limits of his Agency as a school tutor and employee; (3) done initially and at least in part from a desire to serve the interests of the District; (4) done directly in the performance of his duties as a school tutor and employee; (5) consisted generally of actions of a kind and nature that Lulay was required to perform as a school tutor and employee; and (6) done at the direction of, and pursuant to, the power vested in him by the District. The District, through its agents, had a right to control Lulay's Grooming of children at the School and his interaction with children as a school tutor at the School.

22.     As a result of Lulay's sexual abuse of Plaintiff, Plaintiff sustained physical and psychological injuries, including but not limited to, severe emotional distress, confusion, humiliation, fright, anxiety, and a severe shock to his nervous system, and has been caused to suffer physical pain and mental anguish, emotional and psychological damages as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasing nature. Plaintiff as a result has become and will continue to be obligated to expend sums

**Page | 6   COMPLAINT**

of money for medical expenses for treatment of said maladies.

23.    The District maintains and periodically edits certain policies or procedures concerning sexual assault and harassment. One such procedure, titled "Sexual Harassment/Intimidation of Students," delineates the following policy: "Sexual harassment is a form of sex discrimination and is prohibited by the District. An employee, District agent, or student engages in sexual harassment whenever he/she makes unwelcome advances, requests sexual favors, or engages in other verbal, non-verbal or physical conduct of a sexual or sex-based nature . . . ." That policy also states, "Supervisors or teachers who knowingly condone, or fail to report or assist a student to take action to remediate such behavior or sexual harassment or intimidation, may themselves be subject to discipline."

24.    Oregon Revised Statute 419B.015 also requires educators to report any suspicions of child abuse to the Department of Human Services child welfare or to a law enforcement agency within the county where the abuse occurred.   Oregon Revised Statute 339.388 further requires all school employees to report any reasonable suspicion of abuse or sexual conduct to a person specifically designated by the District.

25.    Between approximately March and April of 2013, despite conspicuous signs of Lulay's abuse of Plaintiff, no steps were taken by Defendants or their agents to investigate, report, or prevent Lulay's abuse of Plaintiff.

26.    In November of 2014, Lulay was indicted on 4 counts related to sexual abuse of Plaintiff.

27.    On April 9, 2019, Lulay pled guilty to sexually abusing Plaintiff.

28.    On April 10, 2019, Lulay was sentenced to 75 months in custody for his abuse of Plaintiff.

Page | 7    COMPLAINT

29.    On information and belief, prior to the last incident of Lulay's abuse of Plaintiff, the District had reason to know that Lulay harbored sexual interest in his minor students. This includes that Lulay was criminally charged with Sexual Abuse in the First Degree in 2008.

30.    Despite multiple notices and warning signs known to the District that indicated that their Agent Lulay posed a threat to the health and safety of children enrolled in the District, the District did nothing to warn, protect, or report.

## FIRST CLAIM FOR RELIEF

### Civil Rights Claim – 8th and/or 14th Amendments – 42 USC § 1983

31.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 30 above.

32.    Defendants were deliberately indifferent to Plaintiff's rights under the Eighth and/or Fourteenth Amendments of the U.S. Constitution in one or more of the following ways:

   a.  In failing to enforce the bar on students being alone with tutors as required by the District's "Tutoring Agreement";

   b.  In failing to adequately respond to known or reasonably available information indicating that Lulay had been investigated for child sexual abuse prior to his Grooming and abuse of Plaintiff, including that Lulay was criminally charged with Sexual Abuse in the First Degree in 2008;

   c.  In failing to properly train all staff, employees, and volunteers of the District on how to detect and identify predatory behavior.  This failure led to the inability and/or unwillingness of Defendants and other School and District employees to recognize or appreciate the significance of Lulay's Grooming, boundary violations, and overt predatory behavior vis-à-vis Plaintiff;

d.  In failing to properly train all staff, employees, and volunteers of the District in the proper implementation of their policies and the requirements under Oregon law for reporting and responding to Grooming, boundary violations, and overtly predatory behavior by a staff member toward a student.  This failure allowed Lulay's conspicuous predatory behavior to go unchecked as detailed above;

e.  In failing to report to police or DHS reasonable suspicions of child sexual abuse based on the obvious nature of Lulay's Grooming and sexual abuse of Plaintiff, despite Defendants' own duly promulgated rules and procedures requiring such reporting and Defendant's knowledge that Lulay had been accused of similar behavior previously; and

f.  In failing to educate students to recognize and report predatory behavior.

33.  As a direct result of the actions and inactions of Defendants as set forth above, Plaintiff endured and suffered severe physical, mental and emotional distress.  Plaintiff is entitled to compensatory damages in an amount to be determined by a jury.

34.  The actions of Defendants were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in an amount to be determined by a jury.

35.  Plaintiff is entitled to his necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

### SECOND CLAIM FOR RELIEF

**Civil Rights Claim – 8th and/or 14th Amendments – 42 USC § 1983**
**(*Monell* Claims)**

36.  Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1

through 35, above.

37.     The moving forces that resulted in the deprivation of the Eighth and/or Fourteenth Amendment rights of Plaintiff were the following policies, customs or practices of Defendants:

    a.   a policy, custom or practice of failing to enforce the bar on students being alone with tutors as required by the District's "Tutoring Agreement";

    b.   a policy, custom or practice of not providing training to all School and District staff members on how to identify, investigate, report and prevent Grooming, boundary violations, and predatory behavior;

    c.   a policy, custom or practice of not adopting sufficient policies and procedures as to how to identify, investigate, report and prevent Grooming, boundary violations, and predatory behavior;

    d.   a policy, custom or practice of not implementing policies and procedures as to how to identify, investigate, report and prevent Grooming, boundary violations, and predatory behavior;

    e.   a policy, custom or practice of not adequately investigating employees, agents, and volunteers to determine whether they have a history of criminal sexual abuse allegations; and

    f.   a policy, custom or practice of not reporting or otherwise ignoring information indicating sexual conduct by staff or volunteers toward students.

38.     The policies of Defendants posed a substantial risk of causing significant harm to students, including Plaintiff, and Defendants were aware of the risk.

39.     As a direct result of the policies, customs or practices of Defendants, Plaintiff was sexually abused by Lulay.  As a direct result of the policies, customs or practices of

**Page | 10   COMPLAINT**

Defendants, Plaintiff endured and suffered severe physical, mental and emotional distress. Plaintiff is entitled to compensatory damages in an amount to be determined by a jury.

40.    The actions of Defendants were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in an amount to be determined by a jury.

41.    Plaintiff is entitled to his necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**THIRD CLAIM FOR RELIEF**

**Civil Rights Claim – 8th and/or 14th Amendments – 42 USC § 1983
(Supervisory Liability)**

42.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 41 above.

43.    Defendants, in their supervisory capacities, were aware of the policies, customs or practices, as alleged above, and were aware that said policies, customs or practices created a substantial risk of causing harm to the students of the District by endangering their physical, mental and emotional safety. Despite their knowledge, said supervisors allowed, approved of and ratified said policies, customs or practices.

44.    Defendants Drill, Deffenbaugh, the Board, and the District, in their supervisory capacities, failed to adequately train staff, teachers and volunteers how to:

    a.    enforce the requirement of the District's "Tutoring Agreement" that prohibits tutors from being alone with students without another adult present;

    b.    identify or recognize suspicious or predatory behavior indicating a risk of child sexual abuse by adult staff and volunteers;

  c. investigate suspicious or predatory behavior by adult staff and volunteers;

  d. investigate whether adult staff and volunteers have a history of facing criminal sexual abuse allegations;

  e. report suspicious or predatory behavior by adult staff and volunteers;

  f. prevent predatory behavior by adult staff and volunteers; and,

  g. implement or follow District policies and procedures on sexual assault and harassment.

45. Defendants were aware that the failure to train, set forth above, created a substantial risk of causing harm to students.

46. Defendants, in their supervisory capacities, had actual and constructive notice that Lulay's inappropriate and predatory conduct constituted a threat to students including Plaintiff. Defendants were on actual or constructive notice based on Lulay's following overt and observable conduct:

  a. Lulay was alone with Plaintiff during tutoring sessions, in violation of the District's "Tutoring Agreement";

  b. Lulay ensured that blinds on the door and windows were closed in the classroom in which Plaintiff's tutoring sessions occurred; and

  c. Lulay had been accused of, investigated for, and criminally charged with, child sexual abuse prior to his Grooming and sexual abuse of Plaintiff.

47. As a direct result of the actions and inactions of Defendants discussed above, Plaintiff endured and suffered severe physical and emotional distress. Plaintiff is entitled to compensatory damages in an amount to be determined by a jury.

**Page | 12 COMPLAINT**

48.     The actions and inactions of Defendants were deliberately indifferent to the civil rights of Plaintiff and callously disregarded his physical safety, and punitive damages should be awarded in an amount to be determined by a jury.

49.     Plaintiff is entitled to his necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## FOURTH CLAIM FOR RELIEF

### State Created Danger – 14th Amendment – 42 USC § 1983
### (Supervisory Liability)

50.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 49, above.

51.     Defendants, being a school district and a school district's agents and employees, acted *in loco parentis* to Plaintiff. As such, Defendants had a special relationship with Plaintiff.

52.     Defendants, with deliberate indifference, exposed Plaintiff to Lulay's grooming, boundary violations, and overtly predatory behavior.

53.     Defendants' deliberately indifferent exposure of Plaintiff to Lulay, as a tutor known to harbor sexual interest in minors, affirmatively placed Plaintiff into the state-created danger of sexual abuse by Lulay.

54.     Plaintiff suffered sexual abuse by Lulay as a result of Defendants' deliberate indifference to the state-created danger of sexual abuse that Defendants created.

55.     Defendants' conduct deprived Plaintiff of his right to bodily safety and his liberty to control of his body.

56.     As a direct result of Defendants creating a danger of sexual abuse by Lulay, Plaintiff has suffered severe emotional and physical injury, has incurred economic and non-

**Page | 13   COMPLAINT**

economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

57.    The actions of Defendants were deliberately indifferent to the civil rights of Plaintiff, and callously disregarded Plaintiff's physical safety, and punitive damages should be awarded in an amount to be determined by a jury.

58.    Plaintiff is entitled to his necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## FIFTH CLAIM FOR RELIEF

### Negligence

59.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 58, above.

60.    Defendants established a special relationship with Plaintiff once Plaintiff became a student of the District and held out to Plaintiff that their facilities were safe and trustworthy. The special relationship created a duty on the part of Defendants to ensure that the facilities and services are as safe as possible from known dangers and to exercise reasonable care in the selection, training, supervision and retention of its staff, including Lulay.  Alternatively, or in conjunction with the above, Plaintiff had a special relationship with Defendants as a child entrusted to the care and control of Defendants *in loco parentis*.  This special relationship created a duty of care on the part of Defendants to ensure Plaintiff's safety while a student.

61.    On information and belief, Defendants acted negligently and created a foreseeable risk of Lulay abusing students, including Plaintiff, by failing to undertake reasonable child abuse prevention measures in one or more of the following ways:

**Page | 14    COMPLAINT**

a.      In hiring Lulay despite Defendants' knowledge of prior allegations and criminal charges of child sexual abuse against Lulay;

b.      In failing to enforce the requirement that another adult be present for the entirety of each tutoring session, as provided in the District's "Tutoring Agreement";

c.      In failing to adequately supervise Lulay in his interactions and relationships with minors, including plaintiff;

d.      In failing to adequately train employees and/or volunteers, including Lulay, in how to recognize, report, and prevent child sexual abuse;

e.      In failing to reasonably and adequately investigate and respond to information indicating that Lulay was engaging in inappropriate and sexual contact with minors, including Plaintiff;

f.      In retaining Lulay after learning information indicating that he was engaging in inappropriate and sexual contact with minors, including Plaintiff; and,

g.      In failing to properly implement other reasonable child abuse prevention policies.

62.    Any or all of Defendants' failures described above were substantial contributing and causal factors of all or some of Plaintiff's abuse and damages.  Plaintiff endured and suffered severe physical, mental and emotional distress.  Plaintiff is entitled to compensatory damages in an amount to be determined by a jury.

63.    Defendants' failures described above created a foreseeable risk that students in Defendants' care, including Plaintiff, would be sexually abused.  Plaintiff's interest in being protected and free from child sexual abuse was an interest of a kind that the law protects against negligent invasion.

**Page | 15    COMPLAINT**

64.    Defendants' failures were direct and foreseeable causes of all or some of Plaintiff's sexual abuse and damages, as alleged above. As a result and consequence of Defendants' negligence, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

65.    Defendants' failures arose from a reckless indifference toward, or conscious disregard of, the safety of Plaintiff. As such, punitive damages should be awarded against Defendants in an amount to be determined by a jury.

66.    Plaintiff is entitled to his necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

## SIXTH CLAIM FOR RELIEF

### Sexual Battery of Child/*Respondeat Superior*

67.    Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1 through 66, above.

68.    While acting in the course and scope of his Agency for the District, Lulay engaged in Grooming, boundary violations, and overtly predatory behavior toward Plaintiff.

69.    Acts committed within the course and scope of Lulay's Agency for the Defendants including Grooming, led to and/or resulted in Lulay engaging in harmful and offensive touching of Plaintiff, a minor, to which Plaintiff did not or could not consent.

70.    As a direct result of Lulay's sexual abuse and breach of authority and trust, Plaintiff suffered severe physical and mental injury and has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

71.     Lulay's intentional sexual abuse of Plaintiff, which occurred on the grounds of

Aumsville Elementary School, occurred within the time limitations and/or the course and scope

limitations of Lulay's Agency for Defendants. While acting within the time limitations and/or the

course and scope of his Agency with the Defendants, by sexually abusing Plaintiff, Lulay acted

with malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm

and with a conscious indifference to the health, safety, and welfare of Plaintiff. Punitive damages

against an Agent are attributable to a principal when a tort is committed within the time

limitations and/or course and scope of Agency. As such, punitive damages should be awarded

against Defendants in an amount to be determined by a jury.

72.     Plaintiff is entitled to his necessary and reasonable attorney fees and costs

incurred in the prosecution of this action.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress/*Respondeat Superior*

73.     Plaintiff realleges and incorporates herein as though set forth in full paragraphs 1

through 72, above.

74.     While acting in the course and scope of his Agency for the District, Lulay

engaged in Grooming, boundary violations, and overtly predatory behavior toward Plaintiff.

75.     Acts committed within the course and scope of Lulay's Agency for the

Defendants, including Grooming, led to and/or resulted in Lulay knowingly and intentionally

causing severe emotional distress and physical injury to Plaintiff when he sexually abused him as

described above.  In the alternative and/or in conjunction with the Grooming, acts committed

within the course and scope of Lulay's employment with the District led to and/or resulted in

Lulay knowingly and intentionally causing severe emotional distress as a result of this sexual

**Page | 17    COMPLAINT**

abuse. The sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

76.     As a direct result of Lulay's intentional infliction of emotional distress, Plaintiff experienced severe emotional and physical injury, has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

77.     Lulay's intentional sexual abuse of Plaintiff, which occurred on the grounds of Aumsville Elementary School, occurred while Lulay was acting within the time limitations of Lulay's Agency for Defendants, and/or while Lulay was acting in the course and scope of his Agency with Defendants. As such, punitive damages should be awarded against Defendants in an amount to be determined by a jury.

78.     Plaintiff is entitled to his necessary and reasonable attorney fees and costs incurred in the prosecution of this action.

**WHEREFORE**, Plaintiff prays for judgment as follows:

   **On the First Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred fees and costs;

   **On the Second Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred fees and costs;

**On the Third Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred fees and costs;

**On the Fourth Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred fees and costs;

**On the Fifth Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred fees and costs;

**On the Sixth Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred fees and costs; and

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**On the Seventh Claim for Relief**, for judgment against Defendants, and each of them, for compensatory damages in an amount the jury concludes is appropriate, and for punitive damages in an amount the jury concludes is appropriate, and for necessarily and reasonably incurred fees and costs.

DATED this 23rd day of January, 2020.

CREW JANCI LLP

**Stephen Crew, OSB No. 781715**
**Peter Janci, OSB No. 074249**
**William Stewart, OSB No. 124670**
1200 NW Naito Pkwy, Ste 500
Portland, OR 97209
Tel: 503-306-0224
steve@crewjanci.com
peter@crewjanci.com
will@crewjanci.com

ADAMS HILL & HESS

**Daniel A. Hill, OSB No. 963072**
339 Washington St SE
Salem, OR 97302
Tel: 503-399-2667
daniel.hill@adamshillhess.com

*Of Attorneys for Plaintiff*